UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ARTHUR LUNA,

    Plaintiff,

v.
                                              Case number 06-15031

MICHAEL J. ASTRUE,                    Honorable Julian Abele Cook, Jr.
    Commissioner of Social Security,

    Defendant.


ORDER

In this case, the Plaintiff, Arthur Luna ("Luna"), seeks to obtain a judicial review of an adverse decision by the Defendant, Michael J. Astrue, who, in his capacity as the Commissioner of Social Security ("Commissioner"), had denied his application for disability insurance benefits under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 401-433. In adopting a judicial oversight procedure of Social Security administrative decisions, the Congress limited the scope of review by the federal courts to a determination as to whether the Commissioner's decision is supported by "substantial evidence." *See* 42 U.S.C. § 405(g); *Sherrill v. Sec'y of Health and Human Servs.,* 757 F.2d 803, 804 (6th Cir. 1985). According to the Supreme Court, the term, substantial evidence, is "[m]ore than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). However, the Commissioner's findings are not subject to reversal merely because there is substantial evidence in the record which supports a different conclusion. *Mullen v. Brown*, 800 F.

2d 535, 545 (6th Cir. 1986) (citing *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

I.

Over the past decade, Luna has made a series of unsuccessful efforts to obtain disability insurance benefits. He contends that he has been totally disabled since December 31, 1999 due to fibromyalgia, as well as other problems with his hands, back, and shoulders. On August 27, 2002, Luna filed an application for disability insurance benefits, contending that he became totally unable to perform work within the national economy, as those terms are defined by the Social Security Administration. When Luna's claim was denied, he filed a timely request for a hearing before an administrative law judge to review the merits of his claim for disability benefits. This hearing was held on October 19, 2004. However, noting that Luna had filed an earlier disability application on August 8, 2001 (it was denied on November 26, 2001), the administrative law judge made a decision under 20 C.F.R. §404.988(a)[1] to reopen the November 26, 2001 determination. This decision by the administrative law judge was based on the application that Luna had filed on August 8th.

During the hearing on October 19th, Luna testified that he had completed the eleventh grade, and had worked as an assembler, cleaner, and driver prior to the onset of his claimed disability on December 31, 1999. A vocational expert witness who, after accepting Luna's recitation of his problems (i.e., fibromyalgia, pain, poor sleep, medication side effects, and fatigue), opined that his past employment history should be categorized as "light unskilled work." When prompted by the administrative law judge to consider someone of Luna's age, education, work

---
[1]This provision states, in pertinent part, the following: "A determination, revised determination, decision, or revised decision may be reopened— (a) Within 12 months of the date of the notice of the initial determination, for any reason . . . ."

experience, and physical capabilities, the vocational expert witness expressed the view that such a person could perform "sedentary unskilled" work assignments as a security monitor, order checker clerk, or a sorter.[2]

On January 10, 2005, the administrative law judge rendered a decision in which she determined that Luna had satisfied the disability insured status requirements of the Social Security Act through December 31, 2003. It was her view that he (1) possessed the residual functional capacity with which to lift, carry, push, and pull a ten pound object, (2) was able to stand or walk for approximately two hours, and (3) could sit for eight hours in a regular eight hour workday, with modifications that would enable him to alternate with a standing position from time to time. The administrative law judge also found that, although Luna could not complete the tasks of his past work duties, he did possess the ability to perform a number of jobs that were available in the national economy. Thus, in her view, he was neither (1) totally disabled, as that term is defined in the Social Security Act, at any time through December 31, 2003, nor (2) entitled to a "Period of Disability" or any disability insurance benefits. Despite Luna's disagreement with this decision, the Appeals Council affirmed on October 20, 2006.

An appeal to this Court on November 9, 2006 followed. Thereafter, the parties filed motions for summary judgment, both of which were referred to Magistrate Judge Steven D. Pepe for a report and recommendation. 28 U.S.C. § 636(b)(1)(B) and ©.[3] On January 14, 2008, Magistrate Judge Pepe submitted his report in which he recommended that the Court reject Luna's

---

[2] All of these jobs had over 1,000 positions available in the State of Michigan at the time of the hearing.

[3] Objections to Magistrate Judge Pepe's Report and Recommendation were due within ten (10) days of service as provided for by 28 U.S.C. § 636(b)(1) and E.D. Mich. R. 72.1(d)(2). As of the date of this order, none were received.

motion for summary judgment and grant the Commissioner's motion for summary judgment.

In its review of the parties' respective positions, the Court notes that Luna, in his motion for summary judgment, has advanced a two-fold argument for consideration; namely, he (1) contends that the administrative law judge erred as a matter of law when she neither correctly assessed his credibility nor properly evaluated the medical records that had been placed into evidence, and (2) submitted an inaccurate hypothetical question which did not accurately portray the physical impairments about which he had complained.

II.

Addressing Luna's first argument, a trial court is encouraged to consider subjective evidence only to "the extent . . . [it] can reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. § 404.1529(a). An administrative law judge is not required to accept a claimant's testimony regarding his allegations of disabling pain if it is not supported by the record. *Gooch v. Sec'y of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987). If a claimant's proffer of evidence is discredited, the credibility determination of an administrative law judge must be accompanied by a detailed statement that will explain his reasoning process which must be more than a conclusory statement, such as "the testimony is not credible." *Felisky v. Bowen*, 35 F.3d 1027, 1039 (6th Cir. 1994). An examination of the record suggests that, although the administrative law judge could have been more thorough in explaining her reasons for discounting Luna's credibility, she nonetheless had a sufficiency of evidence upon which to discredit his subjective testimony. For example, a medical consultant, who had been called upon to review the official record in December 2002, concluded that Luna had the residual functional capacity for light work. The administrative law judge also noted that Luna's medical records had provided little evidence of any significant change in his medical condition since 1999.

A medical examination in 2000 revealed (1) little overt pain behavior, (2) no atrophy, (3) the capability of being able to heel and toe walk without difficulty, (4) an ability to get on and off of an examination table without difficulty, (5) no muscle weakness or joint effusion, (6) a normal gait, and (7) only a mild restriction of the cervical trunk and left shoulder muscle. In her final determination, the administrative law judge also noted that Luna possessed the ability to hit golf balls, was able to travel, and had given credible evidence of a capacity to mow his grass with a self-propelled lawn mower. Thus, the Court concludes that Luna's argument on this issue does not warrant a rejection of the decision by the administrative law judge. Hence, there is no reason for the Court to overturn the credibility determinations by the administrative law judge on the basis of this record.

### III.

With regard to the second issue, Luna complains that the administrative law judge formed an inaccurate hypothetical question which, in his opinion, did not accurately portray his physical impairments.[4] Luna argues that if the Commissioner seeks to rely on vocational expert testimony to carry the burden of proving the existence of a substantial number of jobs that he can perform, other than past work experiences, the testimony must be given in response to a hypothetical

---

[4]The administrative law judge's question was the following: "I would like you to assume a person who has that work background [Luna earlier testified that all of his previous positions were "light unskilled jobs"], and I want you to assume that this person was born in 1956, and has an eleventh grade [education]. Assume that this hypothetical person is limited to lifting, carrying, pushing and pulling 10 pounds frequently, but pushing and pulling I will qualify that. It should be no more than occasional. The individual is able to stand or walk no more than a total of two hours in an eight hour work day. The individual can sit for up to eight hours in an eight hour work day, but should have the opportunity to alternate sitting and standing at will. The individual should not climb ladders, ropes, or scaffolds, can occasionally stoop and occasionally crouch. Should not perform forceful gripping, grasping, pinching, twisting or squeezing. Should not be exposed to hazards, or to vibration. This individual should not operate air or torque tools. Assume a person who is limited with a simple routine . . . . Are there any other jobs in the regional or national economy that a person with these limitations could perform?"

question that accurately describes his medical condition in all relevant aspects. A response to a flawed hypothetical question is not substantial evidence and cannot support a finding that work exists which the plaintiff can perform, he asserts. *Varley v. Secretary of HHS,* 820 F.2d 777, 779 (6th Cir. 1987) (hypothetical question must accurately portray claimant's "individual physical and mental impairments"); *Bradshaw v. Heckler*, 810 F.2d 786, 790 (8th Cir. 1987) ("The question must state with precision the physical and mental impairments of the claimant.").

Luna's argument that the administrative law judge's hypothetical question was flawed must fail. He states in a conclusory manner that the Commissioner had failed to satisfy his burden to prove that the hypothetical "question accurately portrays [his] individual physical and mental impairments." *Podedworny v. Harris*, 745 F.2d 210, 218 (3d Cir. 1984). However, Luna has not put forth any specific examples of how the hypothetical question is flawed. Rather, he argues that the administrative law judge made improper assumptions on the basis of his activities. For example, Luna submits that the administrative law judge placed too much emphasis on his ability to cut the grass with a self-propelled push lawnmower. According to him, the grass cutting task is the only chore that he can perform because "there is a problem" doing the other kinds of work, all of which require frequent rest periods. After examining the record carefully, the Court concludes that the challenged hypothetical question by the administrative law judge did adequately address all of Luna's physical maladies, notwithstanding Luna's arguments to the contrary. Accordingly, Luna's objections are without merit and. Hence, the decision by the administrative law judge on this issue will be upheld.

V.

Following its review of the official record in this case, the Court is satisfied with the magistrate judge's recommendation to (1) deny Luna's motion for summary judgment and (2) grant

the Commissioner's motion for summary judgment. Accordingly, and for the reasons that have been stated above, the Court will, and does, (1) adopt the recommendation of the magistrate judge without modification, (2) deny Luna's motion for summary judgment, and (3) grant the Commissioner's motion for summary judgment.

IT IS SO ORDERED.

Dated: March 31, 2008       s/ Julian Abele Cook, Jr.
       Detroit, Michigan      JULIAN ABELE COOK, JR.
                                       United States District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 31, 2008.

                                                           s/ Kay Alford
                                                           Case Manager